IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 3:13mj206 |
| : | Judge Lauck |
| HANK FARRELL, : | |
| Defendant. : | |
| _____ : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
TO CONTINUE TRIAL**

COMES NOW the defendant, Hank Farrell, by counsel, and submits the following Response to the Government's Motion to Continue Trial. Mr. Farrell objects to the Motion and requests that the trial proceed as scheduled, and in support of this Response, states the following:

1. The government in its Motion submits that it exercised "due diligence" to secure the presence of its essential witness for trial. Nowhere in its Motion did the government indicate that it had issued a subpoena for the presence of its "essential" witness.

2. In the absence of a subpoena issued and served for a witness, no continuance should be granted. If the Court grants the continuance, then no exception should be made under the Speedy Trial Act (18 U.S.C. § 3161(h) due to the government's failure to exercise due diligence by issuing a subpoena for its witness.

3. In ruling on a motion for a continuance based on the unavailability of a witness, the district court must consider four factors: (1) whether due diligence has been exercised to obtain the attendance of the witness; (2) whether substantial favorable evidence would be tendered by the witness; (3) whether the witness is available and willing to testify; and (4) whether the denial of the continuance would materially prejudice the defendant. *See United States v. Hickerson*,

489 F.3d 742, 745 (5th Cir. 2007); *United States v. Kamel*, 965 F.2d 484, 498 n. 43 (7th Cir. 1992).

4. The government cannot show that due diligence was exercised in the absence of service of a subpoena. *See United States v. Shaw*, 920 F.2d 1225, 1230 (5th Cir. 1991) (failure to subpoena important witness when available constitutes lack of due diligence); *United States v. Quinn*, 901 F.2d 522, 528 (6th Cir. 1990) (government's late issuance of subpoena held to be unreasonable).

5. Although favorable evidence may be offered by this witness, and the witness may be available and willing to testify, the defendant would be prejudiced by the continuance. His right to a speedy trial will be impacted.

6. Additionally, if the Court is to grant a continuance, the time should not be excluded under the Speedy Trial Act. As the government pointed out in its Motion, the government must demonstrate that it exercised due diligence in securing the presence of an unavailable witness to allow for the time to be excluded under the Act. *See* Gov't Motion at 2; 18 U.S.C. §3161(h)(3)(B). Failing to serve its witness with a subpoena would preclude the government from asserting that it exercised due diligence.

WHEREFORE, the defendant respectfully requests that this Court deny the Government's motion to continue the trial and, in the alternative, requests that the Court find that any delay in the time to proceed to trial as a result of the Government's motion not be excused under the Speedy Trial Act.

                                                     Respectfully submitted,
                                                     HANK FARRELL

                                                      /s/ Robert J. Wagner
                                                     Robert J. Wagner (VSB No.27493)
                                                     Office of the Federal Public Defender
                                                     701 E. Broad St., Suite 3600
                                                     Richmond, Virginia  23219
                                                     Telephone:  (804) 565-0808
                                                     Facsimile:  (804) 648-5033
                                                     Robert_Wagner@fd.org

## CERTIFICATE OF SERVICE

     I certify that on this 17th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel:

    Michael Moore
    Assistant United States Attorney
    United States Department of Justice
    michael.moore@usdoj.gov

                                                      /s/ Robert J. Wagner
                                                   Robert J. Wagner (VSB No. 27493)
                                                   Office of the Federal Public Defender
                                                   701 E. Broad St., Suite 3600
                                                   Richmond, Virginia  23219
                                                   Telephone:  (804) 565-0808
                                                   Facsimile:  (804) 648-5033
                                                   Robert_Wagner@fd.org